RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/31/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| STEVEN PRIMM | CIVIL ACTION NO. 10-0354 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is Plaintiff Steven Primm's ("Primm") petition for judicial review of the Commissioner's denial of Social Security disability benefits and supplemental security income. [Doc. No. 17]. On October 7, 2010, the Commissioner filed a response. [Doc. No. 18]. On November 3, 2010, Primm filed a reply. For the following reasons, the Commissioner's decision is AFFIRMED, and this matter is DISMISSED WITH PREJUDICE.

I.  BACKGROUND

On November 30, 2010, the Magistrate Judge issued a Report and Recommendation recommending that the Commissioner's decision be affirmed and that the matter be dismissed with prejudice. [Doc. No. 22]. On December 21, 2010, Primm filed an objection to the Report and Recommendation. [Doc. No. 25]. The Court agrees with and ADOPTS the Report and Recommendation, but issues this Ruling to provide additional analysis.

II. ANALYSIS

Primm's sole objection is that the Magistrate Judge did not address his argument that he was prejudiced by lack of counsel because the Administrative Law Judge ("ALJ") used an improper definition of "moderate" when posing a hypothetical question to the vocational expert ("VE"). The

ALJ used the following definition of moderate: "[there are] some moderate limitations but the person can still perform the task satisfactorily." [Doc. No. 7-1, p. 26]. Primm argues that an attorney could have "thoroughly cross-examined the VE" about this alleged error and otherwise subjected the VE to "proper questioning," and, thus, there is a "sufficient basis to conclude" that the result of his hearing would have been different.

The Court is not persuaded. First, the Fifth Circuit has declined to reverse decisions of the Commissioner based on an ALJ's use of the same (or substantially the same) definition of moderate. *See Cantrell v. McMahon*, 227 Fed. App'x 321, 322 (5th Cir. 2007); *Been v. McMahon*, 226 Fed. App'x 348, 350 (5th Cir. 2007); *Zills v. Barnhart*, 220 Fed. App'x 289, 290 (5th Cir. 2007). Thus, it is difficult to see how Primm was prejudiced by lack of counsel when the ALJ used a definition of moderate accepted by the Fifth Circuit in posing his hypothetical question to the VE.

Second, to establish prejudice, a claimant must show "evidence that would have been adduced *and that could have changed the result*" if the claimant had been represented by an attorney. *Castillo v. Barnhart*, 325 F.3d 550, 552 (5th Cir. 2003) (citing *Brock v. Chater*, 84 F.3d 726, 729 n.1 (5th Cir. 1996)) (emphasis added). Primm argues that the incorrect definition of moderate led the VE and, in turn, the ALJ to improperly conclude that he could perform his past relevant work. However, even if the definition was flawed, the result would not have been different.

The record shows that Primm had the same mental disabilities while he was performing his past relevant work as he did when he filed for disability benefits. There are no allegations that his mental disabilities became more severe and led to his inability to work.[1] In *Johnson v. Bowen*, the

---

[1] The only alleged change was Primm's hypertension, but he did not provide adequate medical evidence to support this disability.

2

Fifth Circuit stated, "[T]he ... finding that [the claimant] could perform his past work as a tractor driver despite his mental retardation is supported by substantial evidence. Primarily, this finding is supported by the fact that Johnson has been able to work as a tractor driver for several years despite his mental retardation." 864 F.2d 340, 347-48 (5th Cir. 1988). Without an intervening change in his mental disability, there is no basis to conclude that Primm could not perform his past relevant work.

The fact that the ALJ did not advance this rationale is irrelevant. Although typically a reviewing court can only "affirm an agency decision on the basis of the rationale it advanced below," the reviewing court is permitted to deviate from this general rule when there has been harmless error. *See January v. Astrue*, No. 10-30345, 2010 WL 4386754, at *3 (5th Cir. Nov. 5, 2010). Here, even if the ALJ's definition was in error, it was harmless error because there is not a "realistic possibility that, absent the error" the result would have been different. *Id.* Thus, the ALJ's finding of no disability under the Social Security Act is supported by substantial evidence, and any questioning of the VE by an attorney would not have changed the result.

### III. CONCLUSION

For the foregoing reasons, and those stated in the Report and Recommendation of the Magistrate Judge, the Commissioner's decision is AFFIRMED, and this matter is DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this __31__ day of January, 2011.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE